THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARELI YASMIN HERNANDEZ AVITIA, Independent Administrator of the Estate of JAIRO AVITIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.    16 CV 1098 |
| SHERIFF OF COOK COUNTY THOMAS DART, in his official capacity, COOK COUNTY a unit of local government, CORRECTIONAL OFFICER LAURA PLIEGO #16964 individually and in her official capacity as an agent/employee of COOK COUNTY, CORRECTIONAL OFFICER ANTHONY GARNER #17144 individually and in his official capacity as an agent/employee of COOK COUNTY, SERGEANT GERARD MEYER UNKNOWN STAR #, individually and in his official capacity as an agent/ employee of COOK COUNTY SERGEANT FAY FLEMISTER #3070, individually and in her official capacity as an agent/employee of COOK COUNTY, COMMANDER KATIE HARRISON #305, individually and in her official capacity as an agent/employee of COOK COUNTY, and UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS/SUPERVISORS, LENA COLON, individually and in her capacity as an agent/ employee of COOK COUNTY - CERMAK HEALTH SERVICES, ANITA JOHNSON, individually and in her capacity as an agent/employee of COOK COUNTY - CERMAK HEALTH SERVICES, and UNKNOWN AGENTS/EMPLOYEES OF COOK COUNTY - CERMAK HEALTH SERVICES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | **JURY DEMANDED** |

## **FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, ARELI YASMIN HERNANDEZ AVITIA,

Independent Administrator of the Estate of Jairo Avitia, by and through her attorneys,

GOTTREICH & GRACE, and in complaining against the Defendants, SHERIFF OF

COOK COUNTY THOMAS DART, COOK COUNTY, CORRECTIONAL OFFICER

LAURA PLIEGO, CORRECTIONAL OFFICER ANTHONY GARNER, SERGEANT

GERARD MEYER, SERGEANT FAY FLEMISTER, COMMANDER KATIE HARRISON,

UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS/SUPERVISORS, LENA

COLON, ANITA JOHNSON, AND UNKNOWN AGENTS/EMPLOYEES OF COOK

COUNTY - CERMAK HEALTH SERVICES, states the following:

### **Jurisdiction and Venue**

1.      This action is brought, in part, pursuant to 42 U.S.C. § 1983 for deprivation of

Jairo Avitia's constitutional civil rights, jurisdiction is therefore appropriate under 28

U.S.C. § 1331 and 1343.  The state law claims are properly before this Court via

supplemental jurisdiction under 28 U.S.C. § 1367.

2.      The claims asserted herein arose in the area encompassed by the United States

District Court for the Northern District of Illinois, and venue is therefore proper under

28 U.S.C. § 1391(b).

**Parties**

3.     Plaintiff, ARELI YASMIN HERNANDEZ AVITIA, is the sister of Jairo Avitia.  On

May 12, 2016, ARELI YASMIN HERNANDEZ AVITIA was appointed Independent

Administrator of the Estate of Jairo Sinai Hernandez Avitia ("Jairo Avitia") under case

number 2016 P 454 in the Probate Division of the Circuit Court of Cook County.

4.     Defendant, SHERIFF OF COOK COUNTY THOMAS DART runs the Cook

County Jail and the Cook County Department of Corrections.  At all times relevant,

Sheriff Dart was serving in the elected position of Sheriff of Cook County and is sued in

his official capacity.

5.     Defendant COOK COUNTY is a municipality incorporated under the laws of the

State of Illinois.  Cook County runs the Cook County Sheriff's Office and Cermak

Health Services of Cook County.  Cook County is liable for any judgments related to its

agents and / or employees arising out of actions or commissions committed during the

scope of their employment.

6.     Correctional Officers LAURA PLIEGO #16964, ANTHONY GARNER #17144,

SERGEANT GERARD MEYER UNKNOWN STAR #, SERGEANT FAY FLEMISTER

#3070, COMMANDER KATIE HARRISON #305, and UNKNOWN COOK COUNTY

CORRECTIONAL OFFICERS / SUPERVISORS were correctional officers and

supervisors in and over Division 1 of the Cook County Jail and contributed to the death

of Avitia through their actions and/or omissions. They are all sued in their individual capacities as well as in their capacities as agents and employees of Cook County.

7.     LENA COLON and ANITA JOHNSON and UNKNOWN COOK COUNTY - CERMAK HEALTH SERVICES EMPLOYEES were employees of Cook County through Cermak Health Services of Cook County at all relevant times and contribute to the death of Avitia through their actions and omissions. They are all sued in their individual capacities as well as their capacities as agents and employees of Cook County.

**Facts**

8.     Plaintiff's decedent, Jairo Avitia, was placed in the Cook County Department of Corrections as a pretrial detainee on January 24, 2015.

9.     From January 24, 2015 to January 25, 2015, Jairo Avitia was in the care, custody and control of the Sheriff of Cook County with a high risk of self-destructive behavior, including suicide.

10.    During the intake process, Defendants failed or refused to identify Jairo Avitia's serious medical needs, despite the fact that he was referred for a psychological evaluation and acting strangely while in custody.

11.    The Cermak Health Systems of Cook County records indicate that a "Security Alert CCDOC (ALERT)" was ordered on January 24, 2015 at 15:48 hours related to

monitoring for Jairo Avitia. Either this alert was not communicated to the Cook County Department of Corrections or it was ignored.

12.  Despite the fact that Defendants were aware of Jairo Avitia's need for medical attention, he was placed in general population in Division 1, Tier F4, Cell #10 with a roommate.

13.  Jairo Avitia was acting erratically while in custody, walking around with his shirt off, possibly vomiting, repeatedly bending over the sink near the common area of Division 1, Tier 4 at the Cook County Department of Corrections.

14.  Jairo Avitia's cellmate even observed a dark line around his neck prior to Jairo Avitia committing suicide, which looked like a ligature mark.

15.  Another inmate asked Jairo Avitia if he was okay shortly before he hung himself.

16.  Correctional Officer Pliego #16964 finally went to check on Jairo Avitia and found him hanging from the bed sheet.

17.  On January 25, 2015, Jairo Avitia hung himself with his bed sheet, but lived until January 29, 2015 when he was pronounced dead at Stroger Hospital.

18.  Defendants failed to properly screen Jairo Avitia to identify his serious need for medical attention.

19.  Defendants failed to provide Jairo Avitia with adequate medical care and as a result he died on January 29, 2015 after hanging himself while in the Cook County Department of Corrections as a pretrial detainee.

20.     The failure of Defendants to provide access to medical care constituted complete,

deliberate, willful, wanton and criminal indifference for Jairo Avitia's medical needs

and resulted in his death.

21.     As a direct result of Defendants indifference to Jairo Avitia's serious medical

needs, Jairo Avitia suffered great pain, mental anguish, and death.

22.     Defendants were deliberately indifferent to the suicide problem at the Cook

County Department of Corrections and failed to institute suicide prevention practices

pursuant to Constitutionally required standards.

23.     Defendants failed to sufficiently supervise Jairo Avitia and other detainees to

prevent suicide attempts.

24.     Defendants failed to place Jairo Avitia on a 15 minute monitoring schedule and

otherwise failed to provide him with the proper medical care.

25.     Defendants failed to properly staff Division 1, Tier F4, along with its other

failings, thus contributing to the death of Jairo Avitia.

26.     Defendants failed to have properly qualified medical staff perform the intake

screening and mental health screening of Jairo Avitia, thus contributing to his death.

**COUNT I**
**42 U.S.C. § 1983**

27.     Plaintiff restates and reincorporates Paragraphs 1-26 as Paragraph 27 of Count I

of the Complaint against all Defendants.

28.     Jairo Avitia had a serious medical condition as evidenced by his referral for a mental health evaluation on January 24, 2015 as well as his strange behavior while inside the Cook County Department of Corrections, Division 1, Tier 4 on January 25, 2015.

29.     Defendants and the officers, employees and supervisors of Defendants were deliberately indifferent to Jairo Avitia's serious medical need by not providing him with medical attention while he was detained at the Cook County Department of Corrections.

30.     The actions of the Defendants, described above, whereby Defendants were aware of but deliberately, willfully, and wantonly ignored the obvious serious medical needs of Jairo Avitia and the substantial risk of serious injury and death and failed to take appropriate steps to protect him, constituted deliberate indifference to Jairo Avitia's medical needs, thus violating the Fourteenth Amendment to the United States Constitution.

31.     Defendants' and the officers', supervisors', and employees of Defendants' conduct contributed to Jairo Avitia's committing suicide.

32.     The Constitutional violations detailed above were caused by the customs, policies, and practices of the institutional Defendants, as promulgated, enforced, and disseminated by the official Defendants.

33.     The Defendants were then and there guilty of the following:

(a)     Fostering an atmosphere at the Cook County Department of Corrections and Cermak Health Services where correctional officers and medical personnel are encouraged to disregard serious medical needs of detainees;

(b)     knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable timeframe;

(c)     failing to properly monitor detainees behavior despite the fact that cameras are readily available to monitor such detainees;

(d)     failing to make regular and timely checks of the tiers;

(e)     failing to train its employees to recognize and take proper action regarding the medical needs of pretrial detainees, including training employees and medical personnel to identify those detainees at risk of suicide;

(f)     understaffing the jail, thus making it more likely that detainees serious medical needs would go untreated;

(g)     failing to promulgate and implement proper procedures calculated to determine whether detainees were at a high risk of suicide or otherwise address the issue of suicide prevention in the jail;

(h)     failing to have adequate assessment of incoming detainees medical conditions by qualified physicians;

(i)     failing to have adequately staffed medical personnel;

(j)     encouraging the falsification or destruction of reports to cover up inadequacies in the care and treatment of pretrial detainees;

(k)     employed both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care and psychological care to inmates and detainees;

(l)     allowed to exist or failed to correct the failures inherent in their policies, procedures and personnel despite knowledge of the past suicides in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

(m)     having insufficient detainee supervision;

(n)     allowing the constitutionally impermissible practice of cross-watching tiers;

(o)     failing to properly communicate between divisions of the Cook County Department of Corrections, including between Cermak Health Systems and the jail;

(p)     otherwise acting willfully and wantonly in ignoring the medical needs of Jairo Avitia.

34.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff's decedent, Jairo Avitia, was deprived of rights, privileges and immunities guaranteed to him by the Eight and Fourteenth Amendments to the United States Constitution, namely he hung himself in his cell on January 25, 2015 and was caused to suffer great pain, mental anguish, and death.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendants for compensatory damages, punitive damages (against the individual defendants only), costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

## COUNT II
## STATE LAW CLAIMS - NEGLIGENCE/WRONGFUL DEATH

35.     Plaintiff realleges and reincorporates Paragraphs 1-26 as Paragraph 35 of Count II of the Complaint against all Defendants.

36.     The individual Defendants and the institutional Defendants, acting by and

through their duly authorized agents and employees owed a duty to Jairo Avitia to

exercise reasonable care.

37.     The Defendants breached this duty by committing the following acts and/or

omissions:

(a)     Fostering an atmosphere at the Cook County Department of Corrections
and Cermak Health Services where correctional officers and medical personnel are
encouraged to disregard serious medical needs of detainees;

(b)     knowingly failing to ensure that serious emergent medical needs of
detainees could be treated in a reasonable timeframe;

(c)     failing to properly monitor detainees behavior despite the fact that
cameras are readily available to monitor such detainees;

(d)     failing to make regular and timely checks of the tiers;

(e)     failing to train its employees to recognize and take proper action
regarding the medical needs of pretrial detainees, including training employees and
medical personnel to identify those detainees at risk of suicide;

(f)     understaffing the jail, thus making it more likely that detainees serious
medical needs would go untreated;

(g)     failing to promulgate and implement proper procedures calculated to
determine whether detainees were at a high risk of suicide or otherwise address the
issue of suicide prevention in the jail;

(h)     failing to have adequate assessment of incoming detainees medical
conditions by qualified physicians;

(i)     failing to have adequately staffed medical personnel;

(j)     encouraging the falsification or destruction of reports to cover up
inadequacies in the care and treatment of pretrial detainees;

(k)     employed both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care and psychological care to inmates and detainees;

(l)     allowed to exist or failed to correct the failures inherent in their policies, procedures and personnel despite knowledge of the past suicides in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

(m)     having insufficient detainee supervision;

(n)     allowing the constitutionally impermissible practice of cross-watching tiers;

(o)     failing to properly communicate between divisions of the Cook County Department of Corrections, including between Cermak Health Systems and the jail;

(p)     otherwise acting negligently in ignoring the medical needs of Jairo Avitia.

38.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants, Jairo Avitia was caused to suffer great pain and anguish followed by his death on January 29, 2015.

39.     The institutional Defendants sued in this count pursuant to the doctrine of respondent superior, in that the individual defendants performed the actions complained of while on duty and in the scope of their employment or agency relationship with the Defendant institutions.

40.     Upon information and belief, the Defendants, LENA COLON and ANITA JOHNSON, employees of Cermak Health Services of Cook County, were not licensed medical professionals.

41.     Decedent, Jairo Avitia, leaves behind Francisca Avitia Hernandez, Maria Angelica Avitia, Flavina Olivia Unzueta Avitia, Jose Damian Unzueta Avitia, Raul Hernandez Avitia, Claudia Manuela Hernandez Avitia, Omar De Jesus Hernandez Avitia, Omar de Jesus Hernandez Avitia, Fatima Samain Hernandez Avitia, Areli Yasmin Avitia Hernandez and Lesli Mixunary Unzueta Avita as his heirs.

42.     All of Jairo Avitia's heirs and next of kin have suffered injuries such as loss of society and companionship.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendants for compensatory damages, punitive damages (against the individual defendants only), costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

## COUNT III
## STATE LAW CLAIM - NEGLIGENCE/SURVIVAL ACTION

43.     Plaintiff realleges and reincorporates Paragraphs 1-26 as Paragraph 43 of Count III of the Complaint against all Defendants.

44.     The individual Defendants and the institutional Defendants, acting by and through their duly authorized agents and employees owed a duty to Jairo Avitia to exercise reasonable care.

45.     The Defendants breached this duty by committing the following acts and/or omissions:

(a)     Fostering an atmosphere at the Cook County Department of Corrections and Cermak Health Services where correctional officers and medical personnel are encouraged to disregard serious medical needs of detainees;

(b)     knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable timeframe;

(c)     failing to properly monitor detainees behavior despite the fact that cameras are readily available to monitor such detainees;

(d)     failing to make regular and timely checks of the tiers;

(e)     failing to train its employees to recognize and take proper action regarding the medical needs of pretrial detainees, including training employees and medical personnel to identify those detainees at risk of suicide;

(f)     understaffing the jail, thus making it more likely that detainees serious medical needs would go untreated;

(g)     failing to promulgate and implement proper procedures calculated to determine whether detainees were at a high risk of suicide or otherwise address the issue of suicide prevention in the jail;

(h)     failing to have adequate assessment of incoming detainees medical conditions by qualified physicians;

(i)     failing to have adequately staffed medical personnel;

(j)     encouraging the falsification or destruction of reports to cover up inadequacies in the care and treatment of pretrial detainees;

(k)     employed both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care and psychological care to inmates and detainees;

(l)     allowed to exist or failed to correct the failures inherent in their policies, procedures and personnel despite knowledge of the past suicides in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

(m)     having insufficient detainee supervision;

(n)     allowing the constitutionally impermissible practice of cross-watching tiers;

(o)     failing to properly communicate between divisions of the Cook County Department of Corrections, including between Cermak Health Systems and the jail;

(p)     otherwise acting negligently in ignoring the medical needs of Jairo Avitia.

46.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants, Jairo Avitia was caused to suffer great pain and anguish followed by his death on January 29, 2015.

47.     The institutional Defendants sued in this count pursuant to the doctrine of respondent superior, in that the individual defendants performed the actions complained of while on duty and in the scope of their employment or agency relationship with the Defendant institutions.

48.     Upon information and belief, the Defendants, LENA COLON and ANITA JOHNSON, employees of Cermak Health Services of Cook County, were not licensed medical professionals.

49.     Plaintiff, ARELI YASMIN AVITIA HERNANDEZ, brings this action on behalf of Jairo Avitia under provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendants for compensatory damages, punitive damages (against the individual defendants only), costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

**COUNT IV**
**STATE LAW CLAIMS - WILLFUL & WANTON/WRONGFUL DEATH**

50.     Plaintiff realleges and reincorporates Paragraphs 1-26 as Paragraph 50 of Count

IV of the Complaint against all Defendants.

51.     The individual Defendants and the institutional Defendants, acting by and

through their duly authorized agents and employees owed a duty to Jairo Avitia to

exercise reasonable care and to refrain from willfully and wantonly disregarding his

Constitutional rights.

52.     The Defendants breached this duty by committing the following acts and/or

omissions:

        (a)     Fostering an atmosphere at the Cook County Department of Corrections
and Cermak Health Services where correctional officers and medical personnel are
encouraged to disregard serious medical needs of detainees;

        (b)     knowingly failing to ensure that serious emergent medical needs of
detainees could be treated in a reasonable timeframe;

        (c)     failing to properly monitor detainees behavior despite the fact that
cameras are readily available to monitor such detainees;

        (d)     failing to make regular and timely checks of the tiers;

        (e)     failing to train its employees to recognize and take proper action
regarding the medical needs of pretrial detainees, including training employees and
medical personnel to identify those detainees at risk of suicide;

        (f)     understaffing the jail, thus making it more likely that detainees serious
medical needs would go untreated;

(g)     failing to promulgate and implement proper procedures calculated to determine whether detainees were at a high risk of suicide or otherwise address the issue of suicide prevention in the jail;

(h)     failing to have adequate assessment of incoming detainees medical conditions by qualified physicians;

(i)     failing to have adequately staffed medical personnel;

(j)     encouraging the falsification or destruction of reports to cover up inadequacies in the care and treatment of pretrial detainees;

(k)     employed both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care and psychological care to inmates and detainees;

(l)     allowed to exist or failed to correct the failures inherent in their policies, procedures and personnel despite knowledge of the past suicides in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

(m)     having insufficient detainee supervision;

(n)     allowing the constitutionally impermissible practice of cross-watching tiers;

(o)     failing to properly communicate between divisions of the Cook County Department of Corrections, including between Cermak Health Systems and the jail;

(p)     otherwise acting willfully and wantonly in ignoring the medical needs of Jairo Avitia.

53.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants, Jairo Avitia was caused to suffer great pain and anguish followed by his death on January 29, 2015.

54.     The institutional Defendants sued in this count pursuant to the doctrine of respondent superior, in that the individual defendants performed the actions complained of while on duty and in the scope of their employment or agency relationship with the Defendant institutions.

55.     Upon information and belief, the Defendants, LENA COLON and ANITA JOHNSON, employees of Cermak Health Services of Cook County, were not licensed medical professionals.

56.     Decedent, Jairo Avitia, leaves behind Francisca Avitia Hernandez, Maria Angelica Avitia, Flavina Olivia Unzueta Avitia, Jose Damian Unzueta Avitia, Raul Hernandez Avitia, Claudia Manuela Hernandez Avitia, Omar De Jesus Hernandez Avitia, Omar de Jesus Hernandez Avitia, Fatima Samain Hernandez Avitia, Areli Yasmin Avitia Hernandez and Lesli Mixunary Unzueta Avita as his heirs.

57.     All of Jairo Avitia's heirs and next of kin have suffered injuries such as loss of society and companionship.

        WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendants for compensatory damages, punitive damages (against the individual defendants only), costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

## COUNT V
## STATE LAW CLAIM - WILLFUL & WANTON/SURVIVAL ACTION

58.     Plaintiff realleges and reincorporates Paragraphs 1-26 as Paragraph 58 of Count

V of the Complaint against all Defendants.

59.     The individual Defendants and the institutional Defendants, acting by and

through their duly authorized agents and employees owed a duty to Jairo Avitia to

exercise reasonable care and to refrain from willfully and wantonly disregarding his

Constitutional rights.

60.     The Defendants breached this duty by committing the following acts and/or

omissions:

        (a)     Fostering an atmosphere at the Cook County Department of Corrections
and Cermak Health Services where correctional officers and medical personnel are
encouraged to disregard serious medical needs of detainees;

        (b)     knowingly failing to ensure that serious emergent medical needs of
detainees could be treated in a reasonable timeframe;

        (c)     failing to properly monitor detainees behavior despite the fact that
cameras are readily available to monitor such detainees;

        (d)     failing to make regular and timely checks of the tiers;

        (e)     failing to train its employees to recognize and take proper action
regarding the medical needs of pretrial detainees, including training employees and
medical personnel to identify those detainees at risk of suicide;

        (f)     understaffing the jail, thus making it more likely that detainees serious
medical needs would go untreated;

(g)     failing to promulgate and implement proper procedures calculated to determine whether detainees were at a high risk of suicide or otherwise address the issue of suicide prevention in the jail;

(h)     failing to have adequate assessment of incoming detainees medical conditions by qualified physicians;

(i)     failing to have adequately staffed medical personnel;

(j)     encouraging the falsification or destruction of reports to cover up inadequacies in the care and treatment of pretrial detainees;

(k)     employed both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care and psychological care to inmates and detainees;

(l)     allowed to exist or failed to correct the failures inherent in their policies, procedures and personnel despite knowledge of the past suicides in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

(m)     having insufficient detainee supervision;

(n)     allowing the constitutionally impermissible practice of cross-watching tiers;

(o)     failing to properly communicate between divisions of the Cook County Department of Corrections, including between Cermak Health Systems and the jail;

(p)     otherwise acting willfully and wantonly in ignoring the medical needs of Jairo Avitia.

61.     As a direct and proximate result of one or more of the foregoing acts and/or

omissions of the Defendants, Jairo Avitia was caused to suffer great pain and anguish

followed by his death on January 29, 2015.

62.     The institutional Defendants sued in this count pursuant to the doctrine of respondent superior, in that the individual defendants performed the actions complained of while on duty and in the scope of their employment or agency relationship with the Defendant institutions.

63.     Upon information and belief, the Defendants, LENA COLON and ANITA JOHNSON, employees of Cermak Health Services of Cook County, were not licensed medical professionals.

64.     Plaintiff, ARELI YASMIN AVITIA HERNANDEZ, brings this action on behalf of Jairo Avitia under provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

        WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendants for compensatory damages, punitive damages (against the individual defendants only), costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

                                                **JURY DEMANDED**


                                                Respectfully submitted,

                                                /s/ Edith Holland

GOTTREICH & GRACE
200 W. Superior, Suite 210
Chicago, IL 60654
312-943-0600
(f)312-943-7133
ARDC# 6286035
ekdibbin@hotmail.com